UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALIK BROWN,

    Plaintiff,

    v.

COLLECTIONS BUREAU OF AMERICA, LTD,

    Defendant.

Case No. 16-cv-00720-RS

**ORDER DENYING MOTION TO DISMISS**

In this putative class action, named plaintiff Malik Brown complains that defendant Collections Bureau of America, Ltd. has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Brown avers that beginning around August of 2013, defendant "or its agents" called his cellular telephone "at least 16 times using an automatic telephone dialing system and/or artificial or prerecorded voice without his prior express written consent." Brown does not allege that he ever answered any of the calls, or that he otherwise has personal knowledge that the calls were placed through an automatic telephone dialing system ("ATDS"). Instead, Brown supports his allegations by referring to "online consumer complaints" about calls from the same telephone numbers. The issue, therefore, is whether Brown has stated a claim under the pleading standards articulated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pursuant to Civil Local Rule 7-1(b), defendant's motion to dismiss is suitable for disposition without oral argument and the hearing set for May 5,

2016 is vacated. The motion will be denied.

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). As used in the TCPA, " 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Defendant argues that "[t]he law in the Northern District of California clearly requires that a plaintiff plead more than the bare legal conclusion that he or she received a telephone call that used an ATDS."[1] As the cases relied on by defendant reveal, however, a plaintiff need not somehow have inside knowledge of a defendant's operations and equipment to survive dismissal under Rule 12(b)(6), rather, he or she merely must proffer factual allegations that support a reasonable inference that an ATDS was used.

For example, defendant contends that *Kazemi v. Payless Shoesource, Inc.*, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) stands for the proposition that a mere allegation that a defendant's equipment "had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers," need not be credited as necessarily true. The *Kazemi* court, however, denied a motion to dismiss, finding plaintiff had adequately supported an inference that defendant had used such a system by describing the type and quantity of text messages defendant purportedly sent. *Id.* Similarly, in *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010) although the court observed an "isolated" or "naked" assertion that a defendant used an ATDS would not suffice, it denied the motion to dismiss because, "read as a whole, the complaint contains sufficient facts to show that it is plausible that

---

[1] An assertion that a defendant utilized an ATDS is more fairly characterized as an allegation of fact, rather than a "legal conclusion." Under *Twombly* and *Iqbal*, however, even factual averments must "state a claim to relief that is plausible on its face." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 570.

Defendants used such a system." *Id.* at 1171.

The case from outside this District on which defendant places primary emphasis is not to the contrary. In *Flores v. Adir Int'l, LLC*, 2015 WL 4340020 (C.D. Cal. July 15, 2015) the court expressly acknowledged that a "Plaintiff need not allege the technical ins-and-outs of Defendant's text messaging system to survive a motion to dismiss." *Id.* at * 6.  While the court ultimately dismissed the TCPA claim, it did so because the assertion that the defendant utilized an ATDS was actually undermined by the inferences that could be drawn from other factual allegations in the complaint. *See id*, ("Unlike the authorities Plaintiff relies upon, however, 'the content of the message, the context in which it was received, and the existence of similar messages' all weigh against an inference that Defendant used an ATDS.")[2]

Here, defendant insists that Brown's inability to allege any facts about the content of the calls he received (because he does not suggest he answered any of them) means his allegations that defendant used an ATDS are fatally conclusory. Defendant argues that references in the pleading to internet complaints by *other* persons about calls from the same phone numbers at most suggests that those persons might have TCPA claims, not that Brown does. *Twombly* and *Iqbal*, however, do not require a plaintiff to possess or to plead evidence.[3] Rather, "detailed factual allegations are not required," and complaint need only have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 566 U.S.at 678 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*. The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*.

---

[2] Defendant's reliance on *Flores* may be particularly understandable given that it apparently also is a collection agency. The possibility that calls it made were individualized, though, does not make plaintiff's allegations to the contrary implausible.

[3] The pre-suit investigation duties under Rule 11 of the Federal Rules of Civil Procedure present different issues, not at issue in this motion.

Internet complaints by anonymous third parties likely will not be admissible evidence, of course. Defendant does not suggest, however, that the allegations may be disregarded on those grounds. Reading the complaint as a whole, therefore, Brown has not offered only "threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements." *Twombly*, 550 U.S. at 555. Although Brown may be guessing to some degree, and ultimately may prove to have been wrong that an ATDS was utilized in the calls placed to him, there is not a basis to dismiss his claims at the pleading stage.[4] Accordingly, the motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated: May 2, 2016

_____
RICHARD SEEBORG
United States District Judge

---

[4] As a matter of the "common sense" that the court is supposed to exercise, defendant's suggestion that it may have used an ATDS to call other persons, but did not do so when calling Brown, is counterintuitive.